## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

| | | |
|---|---|---|
| **Kennedy P. Adkins** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. A. No. 4:24-cv-00006** |
| | ) | |
| **Trinity Industries, Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### NOTICE OF REMOVAL OF DEFENDANT TRINITY INDUSTRIES, INC.

---

PLEASE TAKE NOTICE that Defendant Trinity Industries, Inc. ("Trinity") hereby

removes this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court

of Franklin County, Tennessee, to the United States District Court for the Eastern District of

Tennessee, Winchester Division. As grounds for this removal, Trinity states as follows:

### I.     INTRODUCTION.

1.     Trinity is the sole named defendant[1] in an action commenced on December 13,

2023, in the Circuit Court of Franklin County, Tennessee, captioned *Kennedy P. Adkins v.*

*Trinity Industries, Inc.*, Docket No. 2023-CV-203 (the "State Court Action").

2.     In her complaint, Plaintiff alleges she was injured in a motor vehicle accident on

or about March 25, 2021, when her vehicle hit a guardrail purportedly manufactured by Trinity.

---

[1] Plaintiff originally filed suit against the State of Tennessee in the Claims Commission. *See* Ex.
A (Compl.) ¶ 4. In the State's Second Amended Answer, it asserted comparative fault against
Trinity. *See id.* ¶ 5. Although Plaintiff's case against the State of Tennessee remains ongoing,
Plaintiff elected to file a separate lawsuit against Trinity. Upon information and belief, Plaintiff's
references in this Complaint to the State as a defendant are in reference to the separate ongoing
lawsuit against the State.

1

Ex. A at Compl. ¶¶ 6-9. Plaintiff claims the guardrail "penetrated the occupant compartment of the vehicle where Kennedy Adkins was sitting, and violently struck her," causing injury. *Id.* ¶ 6.

## II. <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).</u>

3.       This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441(a), (b)(2).

### A.    <u>There is Complete Diversity of Citizenship Between Plaintiff and Defendant.</u>

4.       Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

5.       At the time of the subject incident and when Plaintiff filed the State Court Action, Plaintiff is and was a resident and citizen of the State of Tennessee. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) ("[T]he law affords a rebuttable presumption that a person's residence is his domicile.").

6.       For the purpose of establishing its citizenship under 28 U.S.C. § 1332(c)(1), Trinity is a Delaware corporation with its principal place of business in Dallas, Texas. *See* Ex. B, excerpts from Certificate of Incorporation (noting state of incorporation is Delaware). *See also* Trinity Industries, Inc., Home Page, *available at https://www.trin.net/home/default.aspx* (last visited Jan. 18, 2024) (reflecting Trinity is located at 14221 N Dallas Pkwy., Ste. 1100, Dallas, TX 75254); Ex. A at p. 1 (CT Corp. service record noting same address for Trinity).

7.       Thus, at the time Plaintiff filed her Complaint, Plaintiff and Defendant were "citizens of different states" for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

### B.    The Amount in Controversy Requirement is Satisfied.

8.    Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.    In diversity cases, the general rule is that the amount claimed by a plaintiff in his or her complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000). Here, Plaintiff asserts an amount in controversy in the Complaint that exceeds the jurisdictional threshold.  Specifically, she seeks $1.5 million in compensatory damages. Ex. A at Compl. p. 4.

10.    Because it does not appear to a legal certainty that Plaintiff's pled damages are less than $75,000.00, exclusive of interest and costs, the amount in controversy is satisfied and removal is proper pursuant to 28 U.S.C. § 1332.

## III.    TRINITY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

17.    The Circuit Court of Franklin County, Tennessee is located within the Eastern District of Tennessee, Winchester Division. *See* 28 U.S.C. § 123(a)(4). Venue for this action is therefore proper in this Court because the Eastern District of Tennessee, Winchester Division is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

18.    Trinity was served with a copy of the complaint and a summons on December 20, 2023. Accordingly, Trinity timely removed this action under 28 U.S.C. § 1446(b)(2)(B).

19.    Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

20.      Trinity will promptly file a copy of this Notice with the Clerk of the Circuit Court of Franklin County, Tennessee, as required by 28 U.S.C. § 1446(d).

21.      Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Trinity in the State Court Action.

22.      No previous application has been made for the relief requested herein.

23.      By removing this action to this Court, Trinity does not waive any defenses, objections, or motions available under state or federal law.  Trinity expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## IV.      <u>CONCLUSION.</u>

Because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal of this case is proper.  Notice is hereby given that Trinity removes this action from the Circuit Court of Franklin County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Winchester Division.

Respectfully submitted, this the 19th day of January, 2024.

<u>*s/ Kathleen Ingram Carrington*</u>
Kathleen I. Carrington (BPR #040175)
Y. Larry Cheng (BRP #036707)
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6700
Fax: (615) 651-6701
Kat.Carrington@butlersnow.com
Larry.Cheng@butlersnow.com

*Counsel for Defendant Trinity Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to all counsel of record.

SO CERTIFIED this the 19th day of January, 2024.

*s/ Kathleen Ingram Carrington*
Kathleen Ingram Carrington

*Counsel for Defendant Trinity Industries, Inc.*

82265401.v1