# EXHIBIT A



## Service of Process Transmittal Summary

**TO:** ████████████████████████
Trinity Industries
14221 DALLAS PKWY STE 1100
DALLAS, TX 75254-2942

**RE:** **Process Served in Tennessee**

**FOR:** Trinity Industries, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KENNEDY P. ADKINS // To: Trinity Industries, Inc. |
| **CASE #:** | 2022CV203 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/20/2023 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, ████████████████ |
| | Email Notification, ████████████████ |
| | Email Notification, █████████████████████ |
| | Email Notification, ███████████████ |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 300 Montvue RD |
| | Knoxville, TN 37919 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

# CERTIFIED MAIL®



433 CHEROKEE BLVD.
CHATTANOOGA, TN 37405



9589 0710 5270 0134 2439 12

Trinity Industries, Inc.
℅ CT Corporation System
300 Montvue Rd
Knoxville TN 37919





RDC 99



**Retail**

**$9.97**

R2307M152555-9

37919

U.S. POSTAGE PAID
FCM LG ENV
CHATTANOOGA, TN 37405
DEC 14, 2023

<u>**CIRCUIT COURT SUMMONS FRANKLIN COUNTY**</u>
<u>**WINCHESTER, TN**</u>

## STATE OF TENNESSEE
### COUNTY OF FRANKLIN
### 12th Judicial District

File No. **2023 - CV - 203**

**KENNEDY P. ADKINS**

**Plaintiff(s)**

vs.

**TRINITY INDUSTRIES, INC. who may be served through their registered agent, CT CORPORATION SYSTEM at 300 Montvue Rd. Knoxville, TN 37919**

**Defendant(s)**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the plaintiff or plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: **12 - 13**                , 20 **23**

Circuit Court Clerk

**ROBERT BAGGETT, CLERK**

440 George Fraley Pkwy.
Winchester, TN 37398

By _Pam Anderson_
Deputy Clerk

Attorney for Plaintiff or Plaintiff: Robert Floyd Davis

Address _____

_____

---

**NOTICE**

To the DEFENDANT(S):

Tennessee law provides a four thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

[T.C.A. 26-2-114.]

TO THE SHERIFF: Please execute this summons and make your return hereon as provided by law.

**ROBERT BAGGETT, CLERK**

By _____

Received this summons for service this ____ day of _____, 200___.

_____
Officer

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the_____ day of_____, 202__ , I served this Summons together with the complaint herein as follows: _____

_____

_____

_____
Officer

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the_____ day of_____, 201__ , I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No._____to the Defendant, _____ . On the_____ day of 202_____, I received the return receipt for said registered or certified mail, which has been signed by _____on the day of ___ 202___. Said receipt is attached to this original summons, and both documents are being sent herewith to the clerk for filing.

_____
Plaintiff, Plaintiffs attorney or other person
authorized by statute to serve process

_____Notary Public or_____ Deputy Clerk

My Commission Expires:_____

Attach return receipt here
(if applicable)
_____

### STATE OF TENNESSEE
#### COUNTY OF FRANKLIN
#### 12th Judicial District

File No. **2023 · CV · 203**

**KENNEDY P. ADKINS**

#### Plaintiff(s)

**vs.**

**TRINITY INDUSTRIES, INC. who may be served through their registered agent, CT CORPORATION SYSTEM at 300 Montvue Rd. Knoxville, TN 37919**

#### Defendant(s)

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the plaintiff or plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: **12 · 13** , 20**23**

Circuit Court Clerk

**ROBERT BAGGETT, CLERK**

440 George Fraley Pkwy.
Winchester, TN 37398

By _____
Deputy Clerk

Attorney for Plaintiff or Plaintiff: Robert Floyd Davis

Address _____

_____

---

#### NOTICE

To the DEFENDANT(S):

Tennessee law provides a four thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.
[T.C.A. 26-2-114.]

TO THE SHERIFF: Please execute this summons and make your return hereon as provided by law.

**ROBERT BAGGETT, CLERK**

By _____

Received this summons for service this ____ day of _____, 200___.

_____
Officer

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the_____ day of_____, 202__ , I served this Summons together with the complaint herein as follows:_____

_____

_____

_____
Officer

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the_____ day of_____, 201__ , I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No._____to the Defendant, _____ . On the____ day of 202_____ , I received the return receipt for said registered or certified mail, which has been signed by ____on the day of ___ 202___. Said receipt is attached to this original summons, and both documents are being sent herewith to the clerk for filing.

_____
Plaintiff, Plaintiffs attorney or other person authorized by statute to serve process

_____Notary Public or_____ Deputy Clerk

My Commission Expires:_____

Attach return receipt here
(if applicable)
_____

## STATE OF TENNESSEE
### COUNTY OF FRANKLIN
### 12th Judicial District

File No. **2023-CV-203**

KENNEDY P. ADKINS

**Plaintiff(s)**

**vs.**

**TRINITY INDUSTRIES, INC. who may be served through their registered agent, CT CORPORATION SYSTEM at 300 Montvue Rd. Knoxville, TN 37919**

**Defendant(s)**

To the above named Defendant:

    You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the plaintiff or plaintiff's attorney at the address listed below.

    In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

    ISSUED: **12-13**_____, 20**22**

Circuit Court Clerk

**ROBERT BAGGETT, CLERK**

440 George Fraley Pkwy.
Winchester, TN 37398

By _Pam Anderson_
          Deputy Clerk

Attorney for Plaintiff or Plaintiff: Robert Floyd Davis

    Address _____

_____

---

### NOTICE

To the DEFENDANT(S):

Tennessee law provides a four thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.
[T.C.A. 26-2-114.]

TO THE SHERIFF: Please execute this summons and make your return hereon as provided by law.

**ROBERT BAGGETT, CLERK**

By _____

Received this summons for service this ____ day of _____, 200___.

_____
    Officer

## RETURN OF SERVICE OF SUMMONS

      I hereby certify and return, that on the_____ day of_____, 202__ , I served this Summons together with the complaint herein as follows: _____

_____

_____

                                _____
                                        **Officer**

## RETURN OF SERVICE OF SUMMONS BY MAIL

      I hereby certify and return, that on the_____ day of_____, 201__ , I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No._____to the Defendant, _____ . On the_____ day of 202_____ , I received the return receipt for said registered or certified mail, which has been signed by _____on the day of ___ 202___. Said receipt is attached to this original summons, and both documents are being sent herewith to the clerk for filing.

                                          _____
                                          Plaintiff, Plaintiffs attorney or other person
                                          authorized by statute to serve process

_____Notary Public or_____ Deputy Clerk

My Commission Expires:_____

Attach return receipt here
(if applicable)
_____

# IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

KENNEDY P. ADKINS )
)
    Claimant/Plaintiff, )  **CASE NO:**
)  **JURY DEMAND**
vs. )
)
TRINITY INDUSTRIES, INC., )  FILED **12-13-23**
)  TIME **2:20** M
    Defendants. )  ROBERT BAGGETT
                                      CIRCUIT COURT CLERK
                                      FRANKLIN COUNTY, TN

## PLAINTIFF'S COMPLAINT

Plaintiff for her cause of action against the Defendants states as follows:

1. This is a complaint for injuries sustained by Kennedy P. Adkins in a wreck that happened in Franklin County, Tennessee on or about March 25, 2021.

2. The Defendant, Trinity Industries, Inc., is a business entity organized, doing business in the State of Tennessee and existing pursuant to the laws of the State of Tennessee, and may be served with process through its registered agent, CT CORPORATION SYSTEM at 300 Montvue Rd. Knoxville, TN 37919-5546 USA .

3. This Complaint is proper pursuant to Tenn. Civ. Pro. Rule 15 and T.C.A. §20-1-119 (a) (2).

4. An original action was filed through the Claims Commission case number 0546-GL-21-0503912-001 on August 4, 2022 and is attached as **Exhibit A.**

5. An Amended Answer alleging fault of a third party was filed in the Claims Commission case number 0546-GL-21-0503912-001 on or about November 8, 2023 and is attached as **Exhibit B**.

### Facts of the Incident

6. On or about March 25, 2021, a wreck occurred when Kennedy P. Adkins car, which was traveling under the speed limit, hydroplaned into a guardrail on Tullahoma Highway / 41A in Tullahoma, Tennessee ("the collision").

7. During the collision, the guardrail penetrated the occupant compartment of the vehicle where Kenndey Adkins was sitting, and violently struck her, causing her to suffer immediate, horrible, agonizing pain, severe damage to her body.

8. During the collision, the guardrail system failed to perform its intended safety function and purpose due to a defect(s) with its design, manufacturing, and /or warning.

9. Defendants designs, develops, manufactures, tests, markets, promotes in the governmental approval process of guardrail systems in Tennessee.

10. Defendants maintains, inspects, and/or installs guardrail terminals and end terminals in Tennessee.

11. At all relevant times, Defendant, State of Tennessee, was in charge of the governmental approval process of guardrail systems approval.

12. At all relevant times, Defendant, State of Tennessee, was in charge of the governmental approval process of guardrail systems placement.

13. At all relevant times, Defendant, State of Tennessee, was in charge of the governmental approval process of guardrail systems installation.

14. At all relevant times, Defendant, State of Tennessee, was in charge of the governmental approval process of guardrail systems maintenance.

15. Defendants owed a duty of reasonable care in the design, development, testing, manufacture, assembly, construction, and inspection of subject guardrail.

16. Defendants breached that duty in one or more of the following ways:

-2-

a. By negligently failing to use due care in the design, development, manufacture, assembly, testing, inspection, and installation of the subject guardrails.

b. By failing to test the guardrail system before or after installation.

c. By failing to adequately warn foreseeable drivers of the shortcomings of the said subject guardrails.

17. Defendants knew or should have known that the guardrails alongside Tullahoma Hwy were faulty and defective.

18. Defendants were negligent in failing to make timely corrections such as removing or replacing the faulty and defective guardrailing located along Tullahoma Highway / 41A in Tullahoma, Tennessee.

19. Defendants were negligent in failing to recall subject guardrails when Defendant first learned of the dangers they possessed.

20. Defendants were negligent in failing to disclose defects in the subject guardrails.

21. Defendants failed to adequately identify and mitigate the hazards associated with the guardrail system in accordance with good engineering practices.

22. As a result of the collision and his injuries, Plaintiff suffered damages, including, but not limited to, physical pain and suffering, mental anguish, emotional distress, potentially permanent injuries and a diminished capacity for enjoyment of life. She also incurred loss of income and earning capacity.

23. Because of the medical care, services, and supplies required and actually given in the treatment of Plaintiff's injuries, she incurred medical expenses and may continue to incur such expenses in the future.

24. Such common law acts of negligence by the Defendants proximately causing the

collision and Plaintiff's injuries and damages were:

     a.  Failing to construct safe guardrails;

     b.  Failing to manufacture safe guardrails;

     c.  Failing to install safe guardrails;

     d.  Failing to test guardrails for safety;

     e.  Failing to remove faulty guardrails;

     f.  Failing to replace faulty guardrails;

     g.  Failing to remove defective guardrails

     h.  Failing to replace defective guardrails

     i.  Failing to adequately warn others;

25. Plaintiff alleges that all the aforementioned acts and omissions constitute negligence and that these acts and omissions were the proximate cause of Claimant's injuries and damages for which Defendant is liable.

26. Based on the allegations in the Defendant's, State of Tennessee, Amended Answer **(Exhibit B)**, the acts of negligence referenced herein were allegedly committed by the Defendant, Trinity Industries, Inc.

27. If the allegations in the Defendant's, State of Tennessee, Amended Answer **(Exhibit B)** are proved true, Claimant would incorporate all the allegations herein be directed at Defendant, Trinity Industries, Inc.

WHEREFORE, the Plaintiff prays for the following relief:

1. A trial by a jury.

2. A judgment against the Defendants for compensatory damages in a reasonable amount to be determined by a jury in the amount of $1,500,00,000;

3. An award of all discretionary costs and court costs allowable by law;

4. An award of all interest on judgment allowable by law;

5. Such other and further relief as shall be deemed reasonable and necessary.

Dated: _Dec. 12 2023_

Respectfully submitted,

Robert F. Davis (B.P.R. #30129)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
(423) 267-7000
Attorney for Plaintiff

## Cost Bond

We go surety for costs, other than discretionary costs, for such amounts that may at any time be adjudged against the principal, in the event they are not paid by the principal, for such amounts as required by Tenn. Code. Ann. §20-12-125.

Robert Floyd Davis

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail on

Commissioner James A. Haltom
Tennessee Claims Commission Middle Div.
P.O. Box 190673
Nashville, TN 37219

Peako Jenkins
Office of the Attorney General
Civil Law Division
P.O. Box 20207
Nashville, TN 37202

Dated ___12 - 12 - 23___.

Robert F. Davis

-6-

**RECEIVED**

AUGUST 04, 2022 10:32



**FILED**

AUGUST 04, 2022 10:40

IN THE CLAIMS COMMISSION FOR THE STATE OF TENNESSEE
MIDDLE DIVISION

| | | |
|---|---|---|
| KENNEDY P. ADKINS | ) | |
| | ) | |
| Claimant, | ) | CLAIM NO: 0546-GL-21-0503912-001 |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Claimant for her cause of action against the Defendant states as follows:

1. This is a complaint for injuries sustained by Kennedy P. Adkins in a wreck that happened in Franklin County, Tennessee on or about March 25, 2021.

2. The Defendant, State of Tennessee, is a governmental entity subject to the jurisdiction of the Tennessee Claims Commission pursuant to Tenn. Code Ann. § 9-8-301 *et seq.* and § 9-8-401 *et seq.*

3. On or about March 25, 2017, a wreck occurred when Kennedy P. Adkins car, which was traveling under the speed limit, hydroplaned into a guardrail on Tullahoma Highway / 41A in Tullahoma, Tennessee ("the collision").

4. During the collision, the guardrail penetrated the occupant compartment of the vehicle where Kenndey Adkins was sitting, and violently struck her, causing her to suffer immediate, horrible, agonizing pain, severe damage to her body.

5. During the collision, the guardrail system failed to perform its intended safety function and purpose due to a defect(s) with its design, manufacturing, and /or warning.

6. Defendant designs, develops, manufactures, tests, markets, promotes in the governmental approval process of guardrail systems in Tennessee.

7. Defendant maintains, inspects, and/or installs guardrail terminals and end terminals in Tennessee.

8. At all relevant times, Defendant was in charge of the governmental approval process of guardrail systems approval.

9. At all relevant times, Defendant was in charge of the governmental approval process of guardrail systems placement.

10. At all relevant times, Defendant was in charge of the governmental approval process of guardrail systems installation.

11. At all relevant times, Defendant was in charge of the governmental approval process of guardrail systems maintenance.

12. Defendant owed a duty of reasonable care in the design, development, testing, manufacture, assembly, construction, and inspection of subject guardrail.

13. Defendant breached that duty in one or more of the following ways:

a. By negligently failing to use due care in the design, development, manufacture, assembly, testing, inspection, and installation of the subject guardrails.

b. By failing to test the guardrail system before or after installation.

c. By failing to adequately warn foreseeable drivers of the shortcomings of the said subject guardrails.

14. Defendant knew or should have known that the guardrails alongside Tullahoma Hwy were faulty and defective.

15. Defendant was negligent in failing to make timely corrections such as removing

-2-

or replacing the faulty and defective guardrailing located along Tullahoma Highway / 41A in Tullahoma, Tennessee.

16. Defendant was negligent in failing to recall subject guardrails when Defendant first learned of the dangers they possessed.

17. Defendant was negligent in failing to disclose defects in the subject guardrails.

18. Defendant failed to adequately identify and mitigate the hazards associated with the guardrail system in accordance with good engineering practices.

19. As a result of the collision and his injuries, Claimant suffered damages, including, but not limited to, physical pain and suffering, mental anguish, emotional distress, potentially permanent injuries and a diminished capacity for enjoyment of life. She also incurred loss of income and earning capacity.

20. Because of the medical care, services, and supplies required and actually given in the treatment of Claimant's injuries, she incurred medical expenses and may continue to incur such expenses in the future.

21. Such common law acts of negligence by the Defendant proximately causing the collision and Claimant's injuries and damages were:

   a. Failing to construct safe guardrails;

   b. Failing to manufacture safe guardrails;

   c. Failing to install safe guardrails;

   d. Failing to test guardrails for safety;

   e. Failing to remove faulty guardrails;

   f. Failing to replace faulty guardrails;

   g. Failing to remove defective guardrails

-3-

h.  Failing to replace defective guardrails

i.  Failing to adequately warn others;

22. Claimant alleges that all the aforementioned acts and omissions constitute negligence and that these acts and omissions were the proximate cause of Claimant's injuries and damages for which Defendant is liable.

WHEREFORE, the Claimant prays for the following relief:

1.  A judgment against the Defendant for compensatory damages in a reasonable amount to be determined by this Honorable Court in the amount of $300,000;

2.  An award of all discretionary costs and court costs allowable by law;

3.  An award of all interest on judgment allowable by law;

4.  Such other and further relief as shall be deemed reasonable and necessary.

Dated: _8-4-22_

Respectfully submitted,

Robert F. Davis (B.P.R. #30129)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
(423) 267-7000
Attorney for Plaintiff

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail on

Commissioner James A. Haltom
Tennessee Claims Commission Middle Div.
P.O. Box 190673
Nashville, TN 37219

Peako.Jenkins
Office of the Attorney General
Civil Law Division
P.O. Box 20207
Nashville, TN 37202

on August 4, 2022.

_____
Robert F. Davis

-5-

**RECEIVED**
NOVEMBER 08, 2023 12:36

**FILED**
NOVEMBER 08, 2023 12:38



EXHIBIT

B

IN THE CLAIMS COMMISSION FOR THE STATE OF TENNESSEE
MIDDLE DIVISION

KENNEDY ADKINS,                     )
    Claimant,                       )
                                    )
v.                                  )    No. 0546-GL-21-0503912-001
                                    )    Regular Docket
STATE OF TENNESSEE,                 )
    Defendant.                      )

---

## DEFENDANT STATE OF TENNESSEE'S SECOND AMENDED ANSWER

---

Defendant State of Tennessee answers the Complaint as follows:

1.  Admitted that the complaint is based on a wreck involving Claimant Kennedy Adkins that occurred in Franklin County, Tennessee on March 25, 2021. Defendant is without knowledge or information sufficient to form a belief as to the nature or extent of Claimant's injuries.

2.  Admitted that Tenn. Code Ann. § 9-8-307(a)(1)(A) confers subject matter jurisdiction for claims against the State for certain negligent acts by state employees acting within the scope of their employment, including negligent design or maintenance of roadways designated as being on the state system of highways or the state system of interstate highways, and dangerous conditions on state-maintained highways. The State denies any negligence on the part of its employees.

3.  Denied that the wreck occurred in 2017. Admitted that Claimant wrecked her vehicle on March 25, 2021, while traveling on Tullahoma Highway / 41A in Tullahoma, Tennessee. Admitted upon information and belief that Claimant hit a guardrail. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. Defendant is without knowledge or information sufficient to form a belief the truth of the allegations in this paragraph.

5. Denied.

6. Denied.

7. Denied that the State, through the Department of Transportation (TDOT) installs guardrails. Admitted that TDOT is responsible for the inspection and maintenance of guardrails, though TDOT hires contractors to perform guardrail maintenance and repair.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Admitted that Defendant has a duty to exercise reasonable care under all attendant circumstances in planning, designing, constructing, and maintaining roadways designated as being on the state system of highways or the state system of interstate highways. Denied that Defendant breached its duty.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

2

19.   Denied that Claimant's injuries and/or damages resulted from the negligent actions of the State or its employee. Defendant is without knowledge or information sufficient to form a belief as to the nature or extent of Claimant's injuries and/or damages.

20.   Denied that Claimant's injuries and/or damages resulted from the negligent actions of the State or its employee. Defendant is without knowledge or information sufficient to form a belief as to the nature or extent of Claimant's injuries and/or damages.

21.   Denied.

22.   Denied.

Defendant hereby generally denies, to the same effect as it specifically denied, each and every allegation of the Complaint not yet admitted or denied.

### AFFIRMATIVE DEFENSES

1.   Claimant is comparatively at fault for failing to operate her vehicle in a reasonably safe manner. Claimant is more than 50% at fault for her injuries, and she is not entitled to recover. Alternatively, Claimant's damages, if any, should be reduced by the percentage of fault attributable to her negligence.

2.   The State asserts the comparative fault of the guardrail manufacturer, Trinity Industries, Inc., for any negligence in the design or manufacture of the guardrail.

Wherefore, having fully answered the Complaint, Defendant State of Tennessee seeks the following relief from the Claims Commission:

1.   That the claim for damages be denied; and

2.   For such further relief as the Commission deems appropriate.

3

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Peako Jenkins

_____

PEAKO JENKINS, BPR #32190
Assistant Attorney General
Civil Law Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: 615-741-8059
Fax: 615-532-2541
Peako.Jenkins@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document has been forwarded by first class, postage prepaid mail, on November 8, 2023, to:

COMMISSIONER JAMES HALTOM
Tennessee Claims Commission, Middle Division
P.O. Box 190673
Nashville, TN 37219

ROBERT F. DAVIS
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
*Attorney for Claimant*

s/ Peako Jenkins

_____

PEAKO JENKINS
Assistant Attorney General

4